

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Girard Kinney
Supervisor Agents' Licenses
Fire Insurance Department
Board of Insurance Commissioners
Austin, Texas

Dear Sir:

Opinion No. O-1997
Re: Whether Insurance Department
has properly interpreted Ar-
ticle 4758 (as amended, Acts,
44th Legislature, 1935) in
charging Kansas companies a
$2.00 fee for all solicitors
operating out of a recording
agency which has been appoint-
ed by said Kansas companies.

Your request for an opinion on the above stated
question has been received by this department.

Your letter reads, in part, as follows:

"The Western Casualty & Surety Company and
the Western Fire Insurance Company, both stock
insurance companies with home offices in Kansas,
have protested payment of license fees assessed
by this department against these companies for
all solicitors operating out of recording agen-
cies appointed by said companies. We made the
assessment in an effort to justly enforce the
Texas Retaliatory Law, Art. 4758 (As amended,
Acts, 1935, 44th Leg., p. 713, ch. 307, Sec. 1)

"Before a company may accept business in
Texas from an agent, it must file formal notice
of appointment in favor of the agent. The ap-
pointed agent may, in turn, appoint solicitors
who automatically, upon receiving their license,
have authority to represent and produce business
for every company represented by the sponsoring
recording agency. In other words, a solicitor
to be properly licensed and authorized to produce

Honorable Girard Kinney, Page 2

business for all of the recording agency's companies needs only to have a formal notice of appointment filed in his behalf by one of the companies represented in the agency. This places numerous companies in the position of accepting business indirectly from solicitors whom they have not formally appointed but whose authority to solicit for them has been granted by the recording agent, who is a duly appointed agent for the company.

"The Kansas agency setup, on the other hand, is as outlined below:

"Any foreign or out-of-state company desiring to accept business from an agent in Kansas must formally appoint that agent and pay a $2 fee for the licensing thereof. In Kansas only one type of license is issued; that is, a person whose duties would place him in the category of a solicitor in Texas is licensed as an agent in Kansas.

"Our information concerning requirements under the Kansas Statutes is based on statements made by various Texas company representatives who have explained in detail regulations by which they must abide upon entering into the insurance business in Kansas.

"We contend that inasmuch as a Texas company desiring to do business in Kansas is required to apply for a license for every individual from whom it expects to receive business and must pay a $2 fee therefor and who is prohibited from accepting business from any individual whom it has not licensed and for whom it has not paid the fee, this department is correctly applying Art. 4758 (As amended, Acts, 1935, 44th Leg., p. 713, ch. 207, Sec. 1) in assessing similar exactions against Kansas Companies for all individuals in this state who hold authority to produce business for said Kansas companies."

Article 4758, Vernon's Civil Statutes, as amended, reads as follows:

"Whenever, by any law in force without this State, an insurance corporation, fraternal beneficiary society or reciprocal exchange of

this State or agent thereof is required to
make any deposit of securities thereunder for
the protection of policyholders or otherwise,
or to make payment for taxes, fines, penalties,
certificates of authority, valuation of policies,
license fees, or otherwise, or any special bur-
den is imposed, greater than is required by the
laws of this State for similar foreign corpor-
ations or their agents, the insurance companies,
fraternal beneficiary societies and reciprocal
exchanges of such States or governments shall
be and they are hereby required as a condition
precedent to their transacting business in this
State, to make a like deposit for like purposes
with the State Treasurer of this State, and to
pay to the Commissioner of Insurance for taxes,
fines, penalties, certificates of authority,
valuation of policies, license fees and other-
wise a rate equal to such charges and payments
imposed by the laws of such other State upon
similar corporations of this State and the agents
thereof. Any corporation refusing for thirty
(30) days to make payment of such fees or taxes
as above required shall have its certificate of
authority revoked by the Commissioner of Insur-
ance; provided, that insurance corporations or-
ganized under the laws of any State or country,
other than these United States shall, as to the
provisions of this Act, be considered corpora-
tions of that State wherein their general deposit
for the benefit of their policyholders is made."

Article 5056, Vernon's Civil Statutes, provides
in effect that any person who solicits insurance on behalf
of any insurance company is an agent of the company.

We quote from Texas Jurisprudence, Vol. 24, p.
802, as follows:

"The statutes also provide that an agent
shall procure a license or a certificate from
the insurance commissioner, regardless of the
extent of his authority, and whether the com-
pany be foreign or domestic. It is not nec-
essary, however, to obtain a license for each
individual company which the agent represents."

Generally speaking, statutes of a retaliatory nature, provide in effect that foreign corporations shall be subject to the same restrictions, burdens, penalties, etc., as are imposed by the state of their creation upon corporations of the state enacting the statute.

Article 40-240 of the Kansas Insurance Law regarding license for agents, reads as follows:

"Any person desiring as an agent to engage in the insurance business, as herein set out, shall first apply to the Commissioner of Insurance of this state, in the manner hereinafter prescribed, for an insurance agent's license, authorizing such agent to engage in and transact such business. The applicant for such license shall file with the Commissioner of Insurance his or her written application for license authorizing him or her to engage in the insurance business; and the applicant shall make sworn answers to such interrogatories as the Commissioner of Insurance may require on uniform forms and supplements prepared by him. Such applicants shall be vouched for by an official or representative of the insurance company by whom such person is authorized to negotiate or effect contracts of insurance, suretyship or indemnity or by a licensed insurance agent or such insurance company residing in this state, setting forth: (a) That the applicant is personally known to him. (b) That the applicant has had experience or instruction, or will be given immediate instruction in insurance. (c) That the applicant is of good business reputation and is worthy of the license."

Under the Texas statutes, every person soliciting insurance as a "solicitor" for compensation for a duly licensed recording agent of an insurance company must have a license. However, if his employer is the agent for more than one insurance company, the "solicitor" is not required to have a license for each company represented by his principal, but may solicit business for each of said companies. Under the Kansas statute, Article 40-240 and 40-252, an insurance company is required to obtain a license for each of its agents before said agent is legally authorized to produce business for that company. The company pays a $2.00 fee for this license.

Honorable Girard Kinney, Page 5


It appears that the Texas "solicitor" who is appointed by the recording agent to produce business for all of the recording agent's companies will correspond to the Kansas "agent". The Texas "solicitor" and the Kansas "agent" do the same or identical work, namely, soliciting insurance on behalf of the insurance companies, and each "agent" must have a license under the laws of said State.

You are respectfully advised that it is the opinion of this department that the Kansas companies should be charged a license fee for each agent or solicitor who holds authority to produce business for said companies.

Trusting that the foregoing fully answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By     *Ardell Williams*

Ardell Williams
Assistant

AW:LM


APPROVED DEC 2, 1939

*Gerald Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN